Filed 2/17/15  P. v. Mokler CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C072154 |
| Plaintiff and Respondent, | (Super. Ct. No. CM035784) |
| v. | |
| DYLAN THOMAS MOKLER, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## FACTUAL AND PROCEDURAL BACKGROUND

A felony complaint accused defendant Dylan Thomas Mokler of robbery (count 1; Pen. Code, § 211)[1] and grand theft person (count 2; § 487, subd. (c)).

---

[1] Undesignated section references are to the Penal Code in effect at the time of the charged offenses.

1

Defendant pleaded no contest to count 2 in return for the dismissal of count 1 with a *Harvey*[2] waiver and a guarantee of probation with no immediate state prison time.

According to the probation report, on January 30, 2012, defendant approached the victim and demanded that he surrender his jacket. When the victim refused to do so, defendant hit the victim in the mouth and took the jacket. Defendant was later found in possession of the jacket.

After denying defendant's motion to reduce his felony offense to a misdemeanor, the trial court sentenced defendant to three years' probation. As conditions of probation, the court ordered defendant to complete an anger management program and imposed a $724 "fine,"[3] a $240 restitution fine (§ 1202.4, subd. (b)), a suspended $240 probation revocation restitution fine (§ 1202.44), a $36 "theft fine" (said to be under § 1202.5), a $25 "criminal justice fee" (referred to in the court's oral sentencing as an "admin [*sic*] fee"), a $40 court operation assessment fee (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). The court reserved jurisdiction to order restitution to the victim in an amount to be determined.

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and pursuant to *Wende*, requests this court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

[3] The trial court referenced item No. 1 in the probation report where the components of this fine are broken down, identifying the statutory basis for each component of the total fine. The total fine indicated on the probation report is $720, not the $724 figure reflected in the reporter's transcript as having been orally imposed. However, the "Term and Condition of Probation" signed by defendant indicates imposition of a total of $720 and the statutory basis for each component of the total fine.

of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


      MURRAY      , J.


We concur:


      BLEASE      , Acting P. J.


      MAURO      , J.